In re TRAINER'S, INC. Jointly Administered with: Donald A. Trainer, Jeanne B. Trainer, Debtors.

Bankruptcy Nos. 81–01280G, 81–01278G and 81–01279G.

United States Bankruptcy Court, E. D. Pennsylvania.

Jan. 21, 1982.

Alexander N. Rubin, Jr., Robert Szwajkos, Fell, Spalding, Goff & Rubin, Philadelphia, Pa., for debtors.

Leonard M. Klehr, Fellheimer, Eichen & Goodman, Philadelphia, Pa. for First National Bank of Allentown and Quakertown National Bank, creditors.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

This is an issue of first impression in this circuit. The problem confronting us is whether we should grant the debtors' second application for an extension of the exclusive period during which only the debtors may file plans of reorganization.. We conclude that, pursuant to § 1121(c) of the Bankruptcy Code ("the Code"), the debtors are not entitled to such an extension.

The facts of the instant case are as follows: [1] On April 8, 1981, involuntary petitions for relief under chapter 7 of the Code

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

were filed against Trainer's, Inc., as well as Jeanne B. Trainer and Donald A. Trainer ("the debtors"). The debtors thereafter converted their cases to cases under chapter 11 and the cases were ordered jointly administered. In August, 1981, the debtors filed an application for an extension of the exclusive period during which only they may file plans of reorganization. There was no objection to that application by any party in interest and we therefore granted the application, giving the debtors to December 31, 1981, the exclusive right to file their plans. On December 15, 1981, the debtors filed a second application for an extension of the exclusive period to March 31, 1982. Objections to the application were timely filed by the First National Bank of Allentown and by Quakertown National Bank ("the objecting creditors") and a hearing was held thereon on January 15, 1982.[2]

■ The objecting creditors base their objections to the debtors' application on two grounds. First, they assert that the debtors' application fails to state sufficient cause for the court to permit the extension of time. We find no merit in this objection. The debtors aver in their application that they have been making substantial efforts to sell their main asset, a restaurant, as a going concern and that, in the meantime, they are paying their expenses as they come due.[3] The debtors further asserted that the additional time was needed in order to conclude the ongoing negotiations for the sale of the restaurant and to realize funds for their creditors. Accordingly, we conclude that that constitutes sufficient cause to extend the exclusive period within which the

debtors alone may file plans of reorganization.[4]

■ However, we determine that the objecting creditors' second ground for opposing the debtors' application is well taken. The objecting creditors assert that, although the debtors obtained an extension of the 120-day period within which the debtors alone could file plans, the debtors failed to get an extension of the 180-day period within which their plans must be accepted. Hence, the objecting creditors contend that, under § 1121(c), any party in interest may file plans and the debtors are not entitled to an extension of the exclusive period. We agree with the objecting creditors' interpretation of § 1121. That section provides, in relevant parts:

(b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under the chapter.

(c) Any party in interest ... may file a plan if and only if—...

(2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; *or*

(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter....

(d) On request of a party in interest and after notice and a hearing, the court may for cause reduce or increase the 120-day period *or* the 180-day period referred to in this section.

11 U.S.C. § 1121. (Emphasis supplied) We conclude that the language of the Code is clear: the debtors must meet *both* the 120-

---

**2.** Inadvertently, on December 18, 1981, we entered an order granting the debtors' application although the time for filing objections had not yet expired. At the hearing held herein, the parties agreed that that order should not have been entered and that the merits of the creditors' objections should be addressed. In light of our decision herein, we will vacate the order granting the application.

**3.** Although the objecting creditors disputed the debtors' assertion that they were paying their debts as they come due because the debtors' operating statements showed they were not

paying their rent, the debtors stated that the rental payments were not being made because they were owed from one debtor to another. Because the debtors' cases are being jointly administered, we do not find the failure of one debtor to pay rent to the other debtor to be enough cause to deny the debtors an extension of the exclusive period within which they alone may file plans.

**4.** *See, e.g., In re BBT,* 11 B.R. 224 (Bkrtcy.D. Nev.1981).

day and the 180-day deadlines (or obtain extensions of both of those deadlines) in order to prevent anyone else from being permitted to file plans. Furthermore, an extension of one of the deadlines does not automatically extend the other. In *In re Barker Estates, Inc.*, 14 B.R. 683, 5 C.B.C.2d 287 (Bkrtcy.W.D.N.Y.1981), the bankruptcy court addressed this issue and stated:

> When compared to prior law, the effect of 11 U.S.C. § 1121 is sharply to limit a debtor's exclusive right to file a plan. Creditors with ideas of their own can only be silenced if the debtor files a plan within 120 days *and* secures acceptance within 180 days. Both these time periods run from the date the order for relief was granted and are set out in separate paragraphs without reference to the other. A straightforward reading of the statute suggests that each time limitation is independent of the other and each has its own purpose, force and effect. The debtor's theory that the time limits are necessarily connected and a 60 day grace period must be implied can be credited only if the apparent meaning of the statute is discredited. Therefore, extension of one time period should not extend the other automatically.

14 B.R. at 685. (Emphasis supplied) In the case at bench, although in August the debtors obtained an extension of the 120-day exclusive period for filing plans, they did not obtain an extension of the 180-day period within which to have their plans accepted. The latter period thus expired in October, 1981, and, consequently, § 1121(c)(3) allows any party in interest to file plans. We will, therefore, deny the debtors' application for an extension of the exclusive period within which they may file plans.