In re **MANZEY LAND & CATTLE COMPANY, a South Dakota Business Corporation, Debtor,**

and

**John Leo Manzey and Mary Jo Ada Manzey, Debtors.**

**Bankruptcy Nos. 481–00115, 481–00153.**

United States Bankruptcy Court, D. South Dakota.

Jan. 29, 1982.

J. Bruce Blake, Sioux Falls, S. D., for debtors.

James E. Kessler, Erickson & Kessler, P.C., Brookings, S. D., Robert E. Hayes, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for First Nat. Bank in Brookings.

James A. Craig, Dorothy, Craig, Palmer & Harris, Sioux Falls, S. D., for Unsecured Creditors Committee.

Steven W. Sanford, Cadwell, Brende & Sanford, Sioux Falls, S. D., for F.I.A.T. Credit Corp.

C. Scott Pryor, Sioux Falls, S. D., for Moews Seed Co.

Frank E. Denholm, Brookings, S. D., for Farmers Co-op of Brookings.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Manzey Land & Cattle Company, hereinafter Corporate Debtor, and John Leo and Mary Jo Ada Manzey, hereinafter Individual Debtors, are each voluntary Chapter 11 petitioners. Attorney Blake, Counsel for

Corporate Debtor and Individual Debtors, filed the following three requests with the Court:

1. On behalf of Corporate Debtor, a request for extension of the exclusivity period within which to file a Chapter 11 Plan.

2. On behalf of Individual Debtors, a request for extension of the exclusivity period within which to file a Chapter 11 Plan.

3. On behalf of Corporate Debtor and Individual Debtors, a motion for consolidation or, in the alternative, for joint administration of pending cases.

In responsive pleadings, the First National Bank in Brookings, hereinafter Creditor Bank, filed a motion to dismiss Corporate Debtor's Chapter 11 bankruptcy and objections to both Corporate and Individual Debtors' requests for extensions of exclusivity periods for Debtors to file their Chapter 11 Plans. Creditor Bank also filed objections to Corporate and Individual Debtors' request for an order of consolidation or, in the alternative, for joint administration.

The Court held a joint hearing on the respective motions and took the matters under advisement.

The Farmers Cooperative of Brookings, South Dakota, appeared through its attorney, Frank E. Denholm, and opposed consolidation because it would invade assets of Individual Debtors which are subject to a state court lawsuit but did not offer testimony or evidence.

The Unsecured Creditors Committee appeared through its attorney, James A. Craig, and supported Debtors' motions but did not offer testimony or evidence.

Other creditors appeared at the hearing but did not offer evidence or testimony.

The following Memorandum Decision is based upon pleadings, exhibits, arguments of counsel, and case law.

### FINDINGS OF FACT

Corporate Debtor filed its Chapter 11 petition on May 27, 1981. The 120-day exclusivity period for Corporate Debtor to file a Plan expired on September 24, 1981, with-out a Plan being filed. Individual Debtors filed their Chapter 11 petition on July 15, 1981. The 120-day exclusivity period for Individual Debtors to file a Plan expired on November 13, 1981, without a Plan being filed.

For purposes of these proceedings, it is undisputed that both Debtors are farmers as defined by 11 U.S.C. § 101(17) and they had been involved in fall harvest for the last couple months prior to the hearing.

In this case, both Debtors are engaged in the business of farming. On February 9, 1979, Corporate Debtor was organized under the South Dakota Farm Corporation Act. Mr. Lloyd S. Myseer, an attorney for both Debtors, testified the major reason for incorporation was estate planning for Individual Debtors. All of the farming assets except the farmland were transferred from Individual Debtors to Corporate Debtor. Individual Debtors are the sole stockholders and officers of Corporate Debtor. Individual Debtors directly own twenty per cent (20%) or more of the outstanding voting securities of Corporate Debtor without limitation on power to vote such securities. It is undisputed each of Debtors is an "affiliate" of the other as defined by 11 U.S.C. § 101(2)(A) and (B). Mr. Myseer testified an order of consolidation would be beneficial to Debtors because Corporate Debtor could be abandoned and Individual Debtors would have a tax benefit. Corporate Debtor and Individual Debtors have filed separate income tax returns in prior years.

Creditor Bank is a substantial creditor in both Debtor's cases. Robert Fishback, President of Creditor Bank, testified Creditor Bank began doing business with Individual Debtors in approximately 1977. Since that time, Creditor Bank has received financial statements from both Corporate and Individual Debtors. Creditor Bank has a secured claim against Corporate Debtor in the approximate amount of $670,000.00. The approximate fair market value of Creditor Bank's collateral is $396,000.00. Hence, Creditor Bank is undersecured in the approximate amount of $274,000.00. Creditor Bank does not have a mortgage on Individ-

ual Debtors' realty consisting of farmland, but Creditor Bank has a personal guarantee from Individual Debtors on all Corporate Debtor's loans. Consequently, Individual Debtors have contingent liability to Creditor Bank as guarantors for the undersecured portion of Corporate Debtor's loans. Mr. Fishback testified he knew Individual Debtors were the stockholders and owners of Corporate Debtor but Creditor Bank always considered both Debtors as two separate entities. Mr. Fishback further testified personal guarantees are the routine practice of Creditor Bank in granting loans to corporations when property is owned personally. Mr. Fishback testified, from a banker's point of view, he did not want Individual Debtors and Corporate Debtor to consolidate because he wants all loans paid with interest.

Mr. Manzey, the President of Corporate Debtor, and one of Individual Debtors, testified both Debtor's farming operations are operated as a single farm business entity. Mr. Manzey further testified there have been transfers of assets between Debtors without formal observance of corporate formalities. Mr. Manzey also stated there has been a commingling of assets and business functions between Debtors. The following are some examples of commingling of assets and the interdependence of Debtors, given in testimony by Mr. Manzey:

1. Corporate Debtor has made farmland payments for the last two years in the approximate amount of $107,000.00.

2. Interest deductions for farmland payments have been taken on Corporate Debtor's tax returns instead of Individual Debtors' tax returns.

3. Corporate Debtor has made payments on an automobile owned by Individual Debtors.

4. Corporate Debtor owes Individual Debtors $50,000.00 for corn purchased in 1980.

5. Individual Debtors have personally guaranteed Corporate Debtor's obligations, including objecting Creditor Bank.

6. The farmland owned by Individual Debtors is necessary for Corporate Debtor to operate as a farming unit and the personal property of Corporate Debtor is necessary for Individual Debtors to operate in the farming business.

7. The officers and stockholders of Corporate Debtor are Individual Debtors.

This Bankruptcy Court also incorporates the bankruptcy schedules of both Debtors as part of its Findings of Fact.

## DEBTORS' ARGUMENTS

### I.

### RE: CREDITOR BANK'S MOTION TO DISMISS CORPORATE DEBTOR

1. Creditor Bank is in error; the Court has not fixed a time within which Corporate Debtor is to file a Plan.

2. 11 U.S.C. § 1112(b)(4) merely defines the exclusivity period in which only a debtor may file a plan and does not provide any penalty to a corporate debtor if a plan is not filed in said time.

### II.

### RE: INDIVIDUAL DEBTORS' AND CORPORATE DEBTOR'S REQUESTS FOR EXTENSIONS OF EXCLUSIVITY PERIODS

1. A first extension of an additional 120 days would not be unreasonable where no party in interest has filed a Plan and when Debtors are farmers who have been occupied with fall harvest, and there is a pending motion before the Court to consolidate or, in the alternative, for joint administration.

### III.

### RE: INDIVIDUAL DEBTORS' AND CORPORATE DEBTOR'S REQUEST FOR AN ORDER OF CONSOLIDATION OR, IN THE ALTERNATIVE, FOR JOINT ADMINISTRATION

1. Individual Debtors and Corporate Debtor operate as a single-unit farming operation.

2. In the business dealings between Individual Debtors and Corporate Debtor,

there was little or no attention to formality, i.e., no promissory notes for loans between Debtors and no separate business records.

3. The entities should be consolidated because the stockholders of Corporate Debtor are the same as Individual Debtors.

4. Individual Debtors and Corporate Debtor pooled funds to pay respective debts, i.e., car and land payments.

5. Creditor Bank dealt with two entities but knew they operated as one because of resemblance in financial statements.

6. A consolidation of the two estates is neither prohibited nor authorized by the Bankruptcy Code or Rules.

## CREDITOR BANK'S ARGUMENTS

### I.

### RE: CREDITOR BANK'S MOTION TO DISMISS CORPORATE DEBTOR

1. Corporate Debtor's bankruptcy should be dismissed for the reason Corporate Debtor has failed to propose a Plan within the time fixed by the Court, all as provided by 11 U.S.C. § 1112(b)(4).

2. Corporate Debtor's bankruptcy should be dismissed because Corporate Debtor has offered no testimony regarding reasonable likelihood of rehabilitation.

### II.

### RE: INDIVIDUAL DEBTORS' AND CORPORATE DEBTOR'S REQUESTS FOR EXTENSIONS OF EXCLUSIVITY PERIODS

1. Neither Individual Debtors nor Corporate Debtor has shown a reasonable likelihood of rehabilitation or that a satisfactory Plan can be presented; hence, an additional 120 days is excessive.

### III.

### RE: INDIVIDUAL DEBTORS' AND CORPORATE DEBTOR'S REQUEST FOR AN ORDER OF CONSOLIDATION OR, IN THE ALTERNATIVE, FOR JOINT ADMINISTRATION

1. Neither Individual Debtors nor Corporate Debtor has any reasonable likelihood of rehabilitation and this request is a mere delay tactic.

2. Consolidation of bankruptcy cases is not allowed by the Bankruptcy Code or Rules.

3. Corporate Debtor has failed to propose a Plan as provided by 11 U.S.C. § 1112(b)(4).

4. The administration of the Chapter 11 Plans jointly may result in intermingling of corporate and individual assets to the detriment of Creditor Bank.

5. Without consolidation or joint administration, neither Debtor has any prospect of proposing a meaningful Plan of Reorganization on its own which would be fair to all creditors.

6. Despite the fact Individual Debtors treated Corporate Debtor as their alter-ego, Creditor Bank treated each Debtor separately.

## ISSUES

1. Should these cases be substantively consolidated so a single Disclosure Statement and Plan of Reorganization based on merged assets and liabilities may be filed and distributed to creditors for their consideration.

2. Is an additional 120 days for Debtors to file a Plan unreasonable when no party in interest has filed a Plan, Debtors being farmers who have been occupied with fall harvest, and there is a pending motion before the Court to consolidate or, in the alternative, for joint administration.

3. Should Corporate Debtor's bankruptcy be dismissed because it has failed to propose a Plan as provided by 11 U.S.C. § 1112(b)(4).

## CONCLUSIONS OF LAW

### ISSUE—1

### CONSOLIDATION

■ Individual Debtors and Corporate Debtor request an order of consolidation or,

in the alternative, for joint administration. Debtors are not seeking a procedural consolidation, but request a substantive consolidation. A substantive consolidation is when "the assets or liabilities of different entities are consolidated and dealt with as if the assets were held by, and the liabilities were incurred by, a single entity." (See 5 Collier on Bankruptcy, p. 1100–32 (15th Ed., 1980).) The Court in *In re Tito Castro Const., Inc.,* 14 B.R. 569, 571 (Bkrtcy., D. Puerto Rico 1981), stated: "The major purpose in a substantive consolidation is 'to pool assets and liabilities and to eliminate inter-entity claims.'" The Advisory Comment to Bankruptcy Rule 117 provides substantive consolidation is neither authorized nor prohibited by the rule. 11 U.S.C. § 105(a) provides the Court general equitable powers to consolidate substantively. It provides:

> "(a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." (See 5 Collier on Bankruptcy, p. 1100–32 (15th Ed., 1980).)

 This is a case where an individual debtor and an affiliated corporation seek to have assets and liabilities consolidated. The Court in *In re Richton International Corporation,* 12 B.R. 555, 558 (Bkrtcy., S.D. N.Y.1981), lists seven elements to be evaluated. These elements were gleaned by the Court in *In re Vecco Construction Industries,* 4 B.R. 407, 410 (Bkrtcy., E.D.Va.1980), from landmark cases on substantive consolidation. They are:

"1. the presence or absence of consolidated financial statements,

2. the unity of interests and ownership between the various corporate entities,

3. the existence of parent and intercorporate guarantees on loans,

4. the degree of difficulty in segregating and ascertaining individual assets and liability,

5. the transfer of assets without formal observance of corporate formalities,

6. the commingling of assets and business functions,

7. the profitability of consolidation at a single physical location."

In the case at bar, there is an absence of consolidated financial statements. Individual Debtors and Corporate Debtor each submitted separate financial statements. But it is clear upon an examination of the respective financial statements that Individual Debtors own Corporate Debtor and are its sole stockholders and officers. Creditor Bank testified it was aware of the unity of interests and ownership between Individual Debtors and Corporate Debtor. But Creditor Bank contends it treated them separately. This is evidenced by separate promissory notes. But the Court finds Creditor Bank's contention unpersuasive in light of the fact Creditor Bank required Corporate Debtor's loans be guaranteed by Individual Debtors. The requirement of a guarantee indicates Creditor Bank recognized Corporate Debtor was merely the alter-ego of Individual Debtors. Creditor Bank testified it required the guarantee as part of routine bank practice and because Individual Debtors had substantial real estate. An examination of Individual Debtors' financial statement points out the fact that Individual Debtors have substantial farmland. In effect, Creditor Bank has considered both financial statements in granting Corporate Debtor loans.

Mr. Manzey testified Individual Debtors and Corporate Debtor operated as a single unit, there is an absence of corporate formalities, and a commingling of assets and business functions. Despite the lack of accounting, Mr. Manzey did not have much difficulty in deciphering the financial data for each Debtor. The Court in *Chemical Bank of New York Trust v. Kheel,* 369 F.2d 845 (2d Cir. 1966), held one criteria to be evaluated before substantive consolidation is that the interrelationship between the entities must hopelessly be obscured. It is evident from Mr. Manzey's testimony this is not the case. This Court finds the intertwined financial affairs of Debtors is only one factor to be considered.

A key factor for this Court, although not mentioned in other cases cited, is the fact

Debtors are farmers. Individual Debtors' primary asset is the farmland. Corporate Debtor's assets are the livestock, crops, and machinery. This Court finds it would be very difficult for these Debtors to reorganize and operate on a stand-alone basis. Mr. Manzey's testimony verifies this because he said the farm has always been operated as a single unit.

Finally, this Court must examine whether the "substantive consolidation of these Debtors will yield an equitable treatment of creditors without any undue prejudice to any particular group." (*In re Richton International Corporation*, 12 B.R. 555, 558 (S.D.N.Y.1981).) This Court holds it cannot find any group of creditors that would be prejudiced by substantive consolidation. In the case of Creditor Bank, they have a guarantee from Individual Debtors on Corporate Debtor's loans. If Debtors are not consolidated, Creditor Bank's undersecured claim in the Corporate Debtor, based upon the individual guarantee, would be an unsecured claim in Individual Debtors' bankruptcy estate. If Debtors are consolidated, Creditor Bank still has an undersecured claim that can only be paid from assets of Individual Debtors. Hence, a substantive consolidation will not result in inequitable treatment to Creditor Bank. In fact, a consolidation will most likely lessen administrative expense and increase the dividend to the unsecured and undersecured creditors. One of the policies behind the enactment of Chapter 11 is to give a debtor one meaningful and reasonable chance to rehabilitate. This Court finds substantive consolidation in this case furthers that intent of Congress. .

## ISSUE—2

### EXCLUSIVITY PERIOD

In light of this Court's findings regarding substantive consolidation of Debtors' bankruptcy estates, which indicates some promise of probable success, an additional sixty (60) days to file a Plan and Disclosure Statement is reasonable when no party in interest has filed a plan and Debt-

ors are farmers who will be engaged in farm planning for the 1982 season and spring planting. Since farm work previously hindered Debtors' efforts to formulate Plans, Debtors should diligently work at preparing a Plan prior to spring planting.

## ISSUE—3

### DISMISSAL OF CORPORATE DEBTOR

Creditor Bank alleges Corporate Debtor's Chapter 11 bankruptcy should be dismissed for failure to propose a Plan as provided by 11 U.S.C. § 1112(b)(4). This code section provides:

"(b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

. . . .

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court; . . . ."

This Bankruptcy Court holds Creditor Bank is in error. The Court has not heretofore fixed a time in which Corporate Debtor is to file a Plan. 11 U.S.C. § 1121(b) is statutory and defines the exclusivity period in which only Corporate Debtor may file a Plan and does not provide any penalty if a Plan is not filed in said time other than opening the process to the creditors. This Court finds "time fixed by the court" as provided by 11 U.S.C. § 1112(b)(4) contemplates 11 U.S.C. § 1121(d). This statute provides:

"(d) On request of a party in interest and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."

This is the only subsection of 11 U.S.C. § 1121 that provides for court action. Consequently, Creditor Bank's motion to dismiss is overruled.

The foregoing shall constitute Findings of Fact and Conclusions of Law of this Court, and Attorney Blake shall submit an order consistent with this Memorandum Decision.