**In re RAVENNA INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 581–410.**

United States Bankruptcy Court, N. D. Ohio.

June 11, 1982.

David Hunter, Akron, Ohio, for debtor.

Lee D. Powar and Harry D. Mercer, Cleveland, Ohio, for Creditors' Committee.

### FINDING AS TO NUNC PRO TUNC ORDER

H. F. WHITE, Bankruptcy Judge.

The Debtor filed for relief under Chapter 11 of Title 11 U.S.C. on March 10, 1981. The Debtor was unable to file a Plan within 120 days after the date of relief.

On June 22, 1981 the Debtor filed an application to increase the 120-day period so that the Debtor would retain the exclusive right to file a Plan as provided for under Section 1121(d). A hearing was scheduled and notice was given to all interested parties. This Court granted the extension of time to the Debtor to October 19, 1981 for the exclusive right to file a Plan. At that time the Debtor did not request the Court to increase the 180-day period for the acceptance of the Plan. The Creditors' Committee appeared at the hearing and did not oppose the extension of the 120-day period.

On September 15, 1981 a second request was filed to increase the exclusive time to file a Plan. Again a hearing was scheduled and held and the exclusive time to file the Plan was extended to November 11, 1981. Subsequently, six more motions for extensions of the exclusive time to file the Plan were filed. At no time did the Debtor ever request that the 180-day period provided for under 11 U.S.C. 1121(c)(3) be extended. The last date for the debtor to exclusively file the Plan expired on May 19, 1982 and an extension was not filed under Title 11 U.S.C. 1121(d).

On May 20, 1982 at 4:35 PM, the Debtor did file a ninth motion for a Nunc Pro Tunc Order for an extension of exclusive time for the Debtor to file a Plan until July 30, 1982. A hearing was scheduled on May 24, 1982 and the Creditors' Committee appeared and opposed the motion claiming that the debtor had not complied with 11 U.S.C. 1121(c)(3) in that it did not at any time request a similar extension of the 180 days for confirmation of the Plan. The Credi-

tors' Committee also claimed that the increased time for the Debtor to exclusively file the Plan could only be granted for cause and the Debtor had failed to justify the reason for the time period to be extended.

At the hearing, both counsel argued the law but offered no evidence other than the periodic financial statements filed in the case and the proceedings reflected in the case file.

The operating reports filed by Ravenna Industries on December 31, 1981 indicate a cash position, including Certificates of Deposits, of $1,132,459.56 and accounts receivable of $2,341,633.41. The operation reports filed with the Court as of April 30, 1982 indicate a cash position of $886,553.42 and accounts receivable of $1,857,885.56. Therefore, there is a reduction in liquid assets in a period of four months of $729,653.99.

The principal loss was incurred in the Iron Casting Plant; however, it was indicated in the debtor's supplementary memorandum in support of the extension of time that had the Iron Casting Plant been closed on December 31, 1981 and sold at a liquidation sale, it was estimated the plant would have sold for $400,000.00. By continuing the operation, there is now pending a sale of the plant for the sum of $1,788,250.00. This would result in an increase to the estate due to the continued operation of the plant, after deducting the loss of $541,994.21. However, the Debtor's report indicates other losses incurred in the True Cast Division of $90,388.77, a loss in the Magnesium Division of $54,857.41, and a loss in the Ravenna Corp. of $29,714.77. There was also a loss incurred in the amount of $82,000 in the Magnesium and Aluminum Division as this division was closed and unable to operate for a period of 3 weeks due to a fire.

These reports were filed by the Debtor and it was the position of the Creditors' Committee that the erosion in the liquid assets does jeopardize the creditors' position.

## ISSUE

The issues are: 1. Whether, when the time has expired for the filing of a Plan of Arrangement under 11 U.S.C. 1121(c)(2), the Court has authority to enter a Nunc Pro Tunc Order extending the exclusive time period for the filing of the Plan under 11 U.S.C. 1121(d); 2. Whether it is necessary that the debtor obtain both an extension of the period for the filing of the Plan under 11 U.S.C. 1121(c)(2) and an extension of time to obtain confirmation of the Plan under 11 U.S.C. 1121(c)(3) in order to retain the exclusive right to file a Plan of Arrangement and obtain confirmation.

## LAW

### A.

Debtor's eighth extension of the period during which it had the exclusive right to file a Plan expired on May 19, 1982. On May 20, 1982, debtor moved this Court for an Order Nunc Pro Tunc extending the exclusive period for yet another month. Essentially the sole authority set forth by debtor for such an order is 11 U.S.C. Section 105, the section authorizing a bankruptcy court to make such orders as are "necessary and appropriate" to carry out the provisions of the Bankruptcy Code.

Whether debtor's motion for an Order Nunc Pro Tunc extending the exclusive period for the debtor to file a Chapter 11 Plan may be granted requires this Court initially to determine if the motion could be granted as it presently stands had the motion been timely filed. Based upon the briefs and the hearings had upon the motion, this Court finds that, even if timely filed, the motion could not be granted.

11 U.S.C. Section 1121 sets forth the entities eligible to file a Chapter 11 Plan and the time period in which these entities may file a Plan. Under subsection (a), the debtor is permitted to file a Plan at any time during the pendency of the Chapter 11 case. The debtor's right to file a Plan is rendered a right exclusive to the debtor for the first 120 days after the entry of the order for relief pursuant to U.S.C. Section 1121(b).

Entities other than the debtor are authorized to file a Plan pursuant to 11 U.S.C. Section 1121(c). That subsection sets forth two time periods which are crucial to the non-debtor entity wishing to file a Chapter 11 Plan. Thus, upon the lapse of 120 days after the entry of the order for relief, this subsection allows an entity of the type set forth in the subsection to file a Plan. Also, where a debtor has not filed a plan which has been accepted within 180 days after the order for relief, one of those same entities may propose a plan.

The issues herein have arisen due to the provisions of 11 U.S.C. Section 1121(d). That subsection provides that "On request of a party in interest and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." Debtor is presently seeking its ninth extension of the 120-day period pursuant to this section.

■ In ruling on a motion brought under this section, it is important to note that cause for the extension (or reduction) must be shown. The burden to show cause to grant the motion is upon the party seeking the extension or reduction. *In Re Lake in the Woods,* 10 B.R. 338, 7 B.C.D. 588 (D.C.E. D.Mi.1981).

In *In Re Lake in the Woods, supra,* the District Court for the Eastern District of Michigan discussed the reasons behind the enactment of 11 U.S.C. Section 1121. The Court noted that Congress, in the Legislative History for the Bankruptcy Reform Act, had expressed dissatisfaction with the bargaining position held by debtors under former Chapter XI due to their exclusive right to file a Plan of Arrangement under that Chapter. Accordingly, the new Code adopted a provision allowing both creditors and debtors an opportunity to file a Plan.

In a committee report accompanying H.R. 8200 it was stated that:

Proposed Chapter 11 recognizes the need for the debtor to remain in control to some degree, or else debtors will avoid the reorganization provisions in the bill until it would be too late for them to be an effective remedy. At the same time, the bill recognizes the legitimate interests of creditors, whose money is in the enterprise as much as the debtor's, to have a say in the future of the company. The bill gives the debtor an exclusive right to propose a plan for 120 days. In most cases, 120 days will give the debtor adequate time to negotiate a settlement, without unduly delaying creditors. H.R. No.95–595, 95th Cong., 1st Sess. 231, 232 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6191.

Recognition of this legislative goal of remedying the imbalance between a debtor and its creditors under Chapter XI led the Court in *In Re Lake in the Woods* to reverse the bankruptcy court's finding that cause to extend the exclusive period existed. The bankruptcy court's decision denying the creditor a right to file a Plan until a legal issue between the debtor and its major secured creditor had been resolved was held to leave that creditor in precisely the position of imbalance intended to be remedied by the Bankruptcy Code.

In ruling on debtor's motion for a ninth extension of the exclusive period then, this Court must take into consideration the legislative goal behind 11 U.S.C. Section 1121 so as to ensure that a ruling herein does not result in the imbalance between debtor and creditors unfavored by Congress.

In support of its motion, debtor did not submit any evidence which would provide the cause essential to grant a motion under 11 U.S.C. Section 1121(d). Instead, debtor relied on mere allegations that a Plan would be forthcoming in the near future and that continuation of the exclusive period was in the best interests of all concerned.

■ This Court finds that the mere recitations of allegations deemed by a debtor to constitute cause for an extension of the exclusive period is insufficient to allow such an extension. This Court holds that 11 U.S.C. Section 1121(d) requires that an affirmative showing of cause, supported by evidence, be made by the party seeking the extension or reduction of time.

■ As noted, debtor did not introduce any evidence at either of the two hearings held upon its motion. This failure to submit evidence which would provide the needed cause is all the more pronounced in light of the degree of time which has elapsed since the filing of the Petition and in light of the present status of the debtor company.

The extension sought would be debtor's ninth extension of the exclusive period. Debtor filed its Petition in Bankruptcy nearly fifteen months ago. As of the expiration of the last extension, debtor has had 435 days to file a Plan of Arrangement—or nearly 3½ times the amount of time deemed by Congress to be sufficient to arrive at a Plan. H.R.No.95–595, *supra.*

Additionally, it appears from the DIP reports submitted herein that there has been a deterioration in the cash position of the debtor over the past four months. At a re-hearing on the instant motion, the cash deterioration was partially explained as being attributable to a fire in the Magnesium and Aluminum Division which required a cessation in operation for three weeks. The loss was also attributed to the fact that although the Iron Castings Plant is losing money through its continued operation, the amount which will be realized through a sale of the plant which is presently pending will be substantially greater than the amount which would have been realized had the plant been sold at liquidation sale in December, 1981. The explanations given do not, however, deal with the entirety of the losses sustained by the debtor recently.

As no cause has been shown to allow an extension of the exclusive period, this Court will not allow the ninth extension. To do so in the face of a deteriorating cash position for the company and in light of the extensive amount of time already allowed the debtor to propose a plan would be improper.

■ This court is aware of the broad powers it has to fashion equitable relief pursuant to 11 U.S.C. Section 105. This Court does not believe that those powers extend so far as to allow it to enter an order upon an untimely request when the order could not have been made if requested in a timely manner due to the failure of the requesting party to satisfy the requirements of the Bankruptcy Code for such a request. Even if timely filed, the instant motion could not have been granted due to debtor's failure to show cause. 11 U.S.C. Section 105 does not provide a basis for the granting of an untimely motion which could not be otherwise granted.

■ Moreover, debtor has moved for an Order Nunc Pro Tunc. It has been stated that "The function of an order nunc pro tunc is to record an order actually made, which, through some oversight or inadvertence, was never entered on the records of the court, or which was incorrectly entered." 56 Am.Jur.2d, *Motions, Rules and Orders* Section 44 (1971). Here, the order sought is not one to record an order made, but never recorded, or one which was incorrectly entered. Debtor seeks to have an order entered, untimely, as if it had been entered timely. Orders Nunc Pro Tunc are not available for that purpose.

■ Bankruptcy Rule 906(b) allows a Court to enlarge a time period after expiration of the period. In order to do so, however, it must be shown that the failure to act within the proper time period was the result of excusable neglect. Debtor made no attempt to show that its failure to file a motion to extend the exclusive period prior to May 19, 1982 was due to excusable neglect. As such, Bankruptcy Rule 906 is of no aid to debtor on its motion.

■ 11 U.S.C. Section 1121(c) grants the creditor in a Chapter 11 case the opportunity to file a Plan following the expiration of certain time periods. This right can only be taken away or limited where a debtor has made a showing of cause upon the filing of a motion to extend the exclusive period. As debtor has failed to show cause for such an extension, its creditors may not be denied an opportunity to file a Plan if they choose to do so. The motion to extend the exclusive period must be denied.

### B.

The second issue raised herein is one that has been vigorously argued and briefed by both the debtor and the Creditors' Committee. The Creditors' Committee has argued that debtor's motion for further extension of the exclusive period must be denied as debtor has failed to have the 180-day period for acceptance of a Plan extended.

11 U.S.C. Section 1121(c) sets forth two distinct time periods dealing with the debtor's exclusive right to file a Plan. Under 11 U.S.C. Section 1121(c)(2) a debtor must file a Plan within 120 days after the entry of the order for relief in order to retain the exclusive right to file a Plan. Once filed, the Plan must be accepted within 180 days after the order for relief. 11 U.S.C. Section 1121(c)(3).

Under the former Bankruptcy Act, creditors experienced undue delay in both Chapter X and Chapter XI reorganization proceedings. Debtors were often dilatory in proposing a plan of arrangement. Once filed, debtors would obtain numerous continuances on hearings regarding confirmation and acceptance of the Plan. The purpose of the enactment of 11 U.S.C. Section 1121(c)(2) and (3) was to render it less likely that a debtor would delay, as the penalty for such delay would be that the debtor would lose its exclusive right to file a Plan of Arrangement and obtain confirmation.

The position espoused by the Creditors' Committee regarding the necessity for extension of both time periods is one adopted by Bankruptcy Judge Goldhaber in *In Re Trainer's, Inc.*, 17 B.R. 246 (Bkrtcy.E.D.Pa. 1982). Citing with approval the decision in *In Re Barker Estates, Inc.*, 14 B.R. 683 (Bkrtcy.W.D.N.Y.1981), the Court in *Trainer's* held that the two time periods were mutually exclusive and that extension of the 120-day period did not automatically extend the 180-day period.

██ This Court disagrees with the conclusion of the court in *In Re Trainer's, Inc., supra.* This Court is of the opinion that where a debtor asks for an extension of the 120-day period and an extension is granted without objection by any party in interest, then the extension automatically operates to extend the 180-day period as well. Such a conclusion follows as when a debtor has obtained an extension of the exclusive time in which to file a Plan under 11 U.S.C. 1121(c)(2) to later hold that the Debtor has lost the exclusive right to file a Plan due to its failure to have both time periods extended by express Court order, is to deny the debtor the right obtained by virtue of the order extending the 120-day time period.

It appears to this Court that, by requiring the Plan to be confirmed within 180 days, Congress intended to prevent the debtor from filing a Plan and then failing to obtain confirmation within a reasonable period. Certainly it was the intent of Congress that the debtor obtain confirmation of the Plan within 60 days unless further extensions were granted by the Court under 11 U.S.C. 1121(c)(3).

Where the Creditors' Committee has not objected to the extension under 11 U.S.C. 1121(c)(2), this Court concludes that it cannot later appear before this Court and make an argument, which if accepted, would deny the debtor the right the debtor obtained earlier without objection from the Creditors' Committee. Otherwise, the order of the Court granting the extension would be a vain act and would be misleading to all parties in the arrangement proceedings.

It is the conclusion of this Court that the debtor, Ravenna Industries, Inc., has failed to show cause for the allowance of its motion to extend the 120-day period. Further, the debtor allowed the extension period to expire as the motion was not filed within the 120-day period as provided for in 11 U.S.C. 1121(c).

Therefore, it is the conclusion of this Court that the motion for a Nunc Pro Tunc Order extending time should be denied.