**In re PINE RUN TRUST, INC., Debtor.**

**In re Indenture of Trust Dated November 30, 1979 of Frank E. ELLIOTT and Stephanie H. Elliott, Debtors.**

Bankruptcy Nos. 86–02281(T), 86–02280(T).

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 2, 1986.

Pace Reich, Philadelphia, Pa., for debtors.

William A. Slaughter and David Cohen, Philadelphia, Pa. and Richard Fehling, Reading, Pa., for Official Committee of Pine Run Residents.

Don Marshall, Newtown, Pa., for Horizon Financial, F.A.

## MEMORANDUM OPINION AND ORDER

BRUCE FOX, Bankruptcy Judge:

The issue before me arises from the debtors' request to extend the time within which the debtors alone may file a plan of reorganization and obtain acceptances, pursuant to 11 U.S.C. § 1121. Sections 1121(b) and (c) grant the debtors the exclusive right to file a plan of reorganization during the 120 days immediately after filing for bankruptcy and allow the debtors 180 days from the date of the petition to solicit acceptances of their plan. This court, "for cause" only, may extend these exclusive time periods. 11 U.S.C. § 1121(d).

In the case at bar, these related debtors filed voluntary petitions in bankruptcy under chapter 11 of the Code on May 7, 1986. The debtors operated and continue to operate, as debtors in possession, the Pine Run retirement community. In operating the business, the debtors entered into contracts with retired individuals under which the residents made payments to the debtor in return for various housing and other services to be provided by the debtors over the residents' lifetimes. Apparently, the debtors entered into these contracts based upon certain actuarial assumptions which proved erroneous, thus causing the debtors' current financial difficulties.

Pursuant to 11 U.S.C. § 1121(b), the debtors' exclusivity period for filing a chapter 11 plan would have expired on September 4, 1986. However, upon debtors' request, this court extended the exclusive period within which to file a plan until December 3, 1986 and extended until February 2, 1987 the time within which to solicit acceptances.

The debtors now seek a second extension of the exclusivity period[1] which is opposed by a creditor, Horizon Financial, F.A. Horizon asks the court to allow the exclusivity period to expire so that all parties, including but not limited to the debtors, have the right to file a plan and seek creditor acceptance. Joining in the debtors' request for an extension was the Committee of Residents of Pine Run community. This committee was appointed pursuant to 11 U.S.C. § 1102 and has been negotiating with the debtors regarding a plan of reorganization.

■ My authority to grant the debtors' request stems from 11 U.S.C. § 1121(d) which states:

> (d) On request of a party in interest made within the respective periods specified in subsection (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

Since it is the debtors who seek the extension, the burden is upon them to demonstrate the existence of good cause. *E.g., In re Tony Downs Foods Co.*, 34 B.R. 405 (Bankr.D.Minn.1983); *In re Ravenna Industries, Inc.*, 20 B.R. 886 (Bankr.N.D.Ohio 1982). Furthermore, both the language and purpose of this statutory provision require that an extension not be granted routinely. *In re Parker Street Florist & Garden Center, Inc.*, 31 B.R. 206 (Bankr.D. Mass.1983).

I review the evidence in this matter with reference to the legislative purpose behind the limited grant of exclusivity found in 11 U.S.C. § 1121(b). Under prior provisions of chapter XI, only the debtor was empowered to submit a plan of arrangement. As a result, if the debtor and its creditors could not agree upon plan terms, the creditors were often limited to seeking either liquidation of the debtor or conversion to chapter X. These limited alternatives were usually not in the creditors' interest thereby weakening the creditors' bargaining position during negotiations over the chapter XI plan terms. *See Matter of Lake in the Woods*, 10 B.R. 338 (E.D.Mich.1981); *In re Kun*, 15 B.R. 852 (Bankr.D.Ariz.1981).

■ Section 1121(b) represents a compromise of competing interests. By granting the debtor a limited period of exclusivity in plan filing, the Code seeks to balance the relative negotiating positions of the debtor and creditors. *See Matter of Lake in the Woods; In re Ravenna Industries, Inc.*

> Of course, the bargaining position of the debtor under present Chapter XI may be further enhanced by the debtor's control of the business and the fear that a debtor through inter manipulation may destroy or diminish the value of the business if creditors do not acquiesce to the debtor's Chapter XI plan. The take-it-or-leave-it attitude on the part of debtors as permitted by Chapter XI is fraught with potential abuse. The granting of authority to creditors to propose plans of reorganization and rehabilitation serves to eliminate the potential harm and disadvantages to creditors democratizes the reorganization process (Footnotes omitted).

Bankruptcy Act Revision, Serial No. 27, Part 3, Hearings on H.R. 31 and H.R. 32, 94th Cong. 2d Sess. (March 29, 1976).

At the same time, by allowing debtors in chapter 11 to remain as debtors in possession with some period of exclusivity, the Code makes a chapter 11 filing attractive enough to encourage ailing businesses to seek reorganization without unduly delaying creditors.

> Proposed Chapter 11 recognizes the need for the debtor to remain in control to

**1.** The debtors' request is to extend both the plan filing and acceptance period, *see In re Trainer's,*  *Inc.*, 17 B.R. 246 (Bankr.E.D.Pa.1982), until March 23, 1987 and May 22, 1987 respectively.

some degree, or else debtors will avoid the reorganization provisions in the bill until it would be too late for them to be an effective remedy. At the same time, the bill recognizes the legitimate interests of creditors, whose money is in the enterprise as much as the debtor's, to have a say in the future of the company. The bill gives the debtor an exclusive right to propose a plan for 120 days. In most cases, 120 days will give the debtor adequate time to negotiate a settlement, without unduly delaying creditors.

H.R.Rep. No. 595, 95th Cong., 2d Sess. 231–232 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6191.

█ At the hearing held to consider the debtors' request and the creditor's objection, only the debtors offered any evidence. Mr. Elliott, the debtors' President and Chief Executive Officer, testified, *inter alia*, that since the bankruptcy petition was filed the debtors had made substantial progress in their negotiations with the Pine Run Residents Committee. Moreover, the cooperation of the residents' committee was essential to the success of any plan of reorganization. Additional time, approximately 30 days, though, was needed to have the residents review the proposal and give their assent. Mr. Elliott also stated that to permit competing plan proposals to be submitted to the residents would only confuse these individuals and undo the progress made by negotiation.

The objector's principal concern, at argument, seemed to be based upon the failure of the debtors to negotiate with Horizon, causing it to lack information as to the status of negotiations and the possibility of reorganization. Horizon also wanted the option of proposing its own plan. The debtors countered these arguments by testifying that Horizon itself asked not to participate in the negotiations between the debtors and the residents committee.

After considering all of the evidence, I am persuaded that the debtors are entitled one final 90 day extension of the exclusivi-

ty period. The traditional ground for cause, the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization, was not established in this case. *See Matter of American Federation of Television and Radio Artists,* 30 B.R. 772 (Bankr.S.D.N.Y.1983). Nor did the debtors show that retired individuals are uniquely susceptible to the confusion that multiple plans may engender if competing plans were submitted to them for their approval. However, the debtors did establish that an extension is appropriate for two reasons.

First, substantial progress has been made in negotiations that, all concede, are critical to a successful reorganization. Moreover, the debtors' witness stated that these negotiations were to be concluded shortly, and counsel for the residents' committee agreed with this assessment and joined in the debtors' motion. Some promise of probable success in formulating a plan of reorganization, if the debtor is provided additional time, has been recognized as an element of cause for an extension of the exclusivity period. *In re Swatara Coal Co.* 49 B.R. 898 (Bankr.E.D.Pa.1985); *In re Manzey Land & Cattle Co.,* 17 B.R. 332 (Bankr.D.S.D.1982). *See also In re Trainer's, Inc.,* 17 B.R. 246 (Bankr.E.D.Pa. 1982) (dictum).

Second, and equally important, there was no evidence presented that the debtors sought this additional extension in order to pressure their creditors to accede to their reorganization demands. *Matter of Lake in the Woods,* 10 B.R. at 345–346. Indeed, Horizon argues that it has not even been privy to those demands, and the resident creditors seem satisfied that negotiations have been undertaken in good faith and without delay.[2]

Therefore, I shall grant a ninety day extension to the debtors' exclusive right to submit a plan and solicit acceptances in order to allow the ongoing negotiations to be completed and for the debtors to submit

---

**2.** The only evidence presented concerning the delay in negotiating with Horizon Financial, F.A. was the debtors' explanation that Horizon sought the delay.

and obtain approval of the disclosure statement. 11 U.S.C. § 1125. This will provide the debtors with a total exclusivity period of 300 days, which should be sufficient time to submit a viable plan of reorganization without prejudicing the rights of its creditors.