**In re James B. JUDD and Patricia C. Judd, Debtors.**

**Bankruptcy No. 93–22304–11.**

United States Bankruptcy Court, D. Kansas.

Oct. 4, 1994.

Gene A. DeLeve, Max Jevinsky and Todd A. Norris of Law Firm of Berman DeLeve Kuchan & Chapman, Kansas City, MO, for debtors.

Carl R. Clark of Law Firm of Lentz & Clark, P.A., Overland Park, KS, for Official Unsecured Creditors' Committee.

## ORDER

JOHN T. FLANNAGAN, Bankruptcy Judge.

Debtors appear by their attorneys, Gene A. DeLeve, Max Jevinsky and Todd A. Norris of the law firm of Berman DeLeve Kuchan & Chapman, Kansas City, Missouri. The Official Unsecured Creditors' Committee (Creditors' Committee) appears by its attorney, Carl R. Clark of the law firm of Lentz & Clark, P.A., Overland Park, Kansas.

This case began with the filing of an involuntary Chapter 7 petition against the debtors on November 24, 1993. On December 16, 1993, the Court entered an order converting the case to a case Chapter 11.

On April 15, 1994, debtors moved to extend the 120–day exclusive period under § 1121, requesting that the Court grant them until August 15, 1994, to file a plan of reorganization. The Creditors' Committee objected on April 29, 1994. At a hearing on May 12, 1994, the Court granted debtors' motion.

Debtors submitted their proposed journal entry covering the May 12, 1994, hearing on August 5, 1994. The proposed journal entry extended the period for filing a plan until August 13, 1994, and extended the time to secure acceptances until October 12, 1994.

Neither debtors' counsel nor counsel for the Creditors' Committee approved the order by signature.

On August 1, 1994, debtors filed a plan of reorganization.

On August 12, 1994, debtors filed a second motion for extension of the § 1121 periods. This second motion asked for extension of both time periods dealt with under § 1121— the period for filing a plan and the period for obtaining acceptances of the plan. The second motion requested that the time periods for filing a plan and for securing its acceptance each be extended by 120 days.

Upon receipt of the debtors' August 12, 1994, motion, the deputy bankruptcy clerk held the journal entry submitted on August 5, 1994, thinking that the proposed order had been sent in connection with the August 12 motion. Consequently, while the Court ruled on the first motion in open court on May 12, 1994, no journal entry has been filed covering the Court's ruling.

The Official Unsecured Creditors' Committee objected to the debtors' second motion on September 9, 1994. The Committee points out that an extension of time to file a plan is unnecessary since the debtors filed their plan on August 1, 1994. The Committee also objects to the extension of time to secure acceptances of the plan on the grounds that the request is untimely.

Along with the entry of this order, the Court will cause the simultaneous filing of the proposed journal entry submitted by the debtors on August 5, 1994, covering the May 12, 1994, hearing on the first motion for extension of the exclusivity period. Furthermore, since the Court will have entered an order giving the debtors until October 12, 1994, to secure acceptances of their plan, the Court finds that the debtors' second motion for extension of the § 1121 periods is timely. In addition, the motion is timely for the reasons set out below.

■ The debtors' original motion for extension of time to file a plan of reorganization did not request an extension of the 180–day period in which to secure acceptances. The Creditors' Committee contends that specific

extension of the 180–day period is necessary and argues that since the debtors did not receive an extension of the 180–day period, which has now expired, the debtors may not receive an extension of this time under 11 U.S.C. § 1121. The Creditors' Committee cites two cases which support its position, *In re Trainer's, Inc.,* 17 B.R. 246, 248 (Bankr. E.D.Pa.1982), and *In re Barker Estates, Inc.,* 14 B.R. 683, 684 (Bankr.W.D.N.Y.1981).

The debtors respond that more recent authorities, including Collier on Bankruptcy, reject the rationale of *Trainer's, Inc.* and *Barker,* and find that the extension of the 120–day period automatically extends the 180–day period for securing acceptances.

In *In re Ravenna Industries, Inc.,* 20 B.R. 886 (Bankr.N.D.Ohio 1982), the court stated:

> This Court is of the opinion that where a debtor asks for an extension of the 120–day period and an extension is granted without objection by any party in interest, then the extension automatically operates to extend the 180–day period as well. Such a conclusion follows as when a debtor has obtained an extension of the exclusive time in which to file a Plan under 11 U.S.C. 1121(c)(2) to later hold that the Debtor has lost the exclusive right to file a Plan due to its failure to have both time periods extended by express Court order, is to deny the debtor the right obtained by virtue of the order extending the 120–day time period.

*Id.* at 891.

*In re United Press International, Inc.,* 60 B.R. 265, 269 (Bankr.D.C.1986), also rejected the *Trainer's, Inc.* and *Barker* rationale, stating, "Sections 1121(c)(2) and (c)(3) relate to two different acts, within two consecutive time periods. But unless and until the first act takes place, the second act—and its time period—simply do not yet come into play." *See also* 5 Colliers on Bankruptcy ¶ 1121.03, p. 1121–11.

The Court agrees with the analyses set out in *Ravenna* and *United Press* and finds that the extension of the 120–day period under 11 U.S.C. § 1121(b) automatically extends the 180–day period to secure acceptances of the plan. The ruling at the May 12 hearing gave the debtors the exclusive right to file a plan until August 13, 1994, and with that extension, the debtors have until October 12, 1994, to secured acceptances of their plan. The debtors' motion filed August 12, 1994, requesting an extension of the time in which to solicit acceptances is timely filed.

In conformity with the order entered September 28, 1994, approving the disclosure statement, fixing the time for filing acceptances or rejections of the plan or objections to confirmation, and for the confirmation hearing, the Court grants the debtors until November 9, 1994, to secure acceptances to the plan. Any further request for extension of the time to secure acceptances to the plan must be filed on or before November 9, 1994.

The Court denies the debtors' request for a 120–day extension of time to file a plan since the debtors filed their plan on August 1, 1994, and the confirmation hearing on this plan is now scheduled for hearing on November 9, 1994.

IT IS SO ORDERED.