# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 02-6065/6066EA

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Hoffinger Industries, Inc. | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Leesa Bunch and Brad Rinehart, | * | |
| | * | |
| Creditors-Appellants, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| v. | * | Eastern District of Arkansas |
| | * | |
| Hoffinger Industries, Inc. | * | |
| | * | |
| Debtor-Appellee | * | |

_____

Submitted: April 29, 2003
Filed: May 12, 2003

_____

Before KRESSEL, Chief Judge, SCHERMER and FEDERMAN, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

Leesa Bunch and Brad Rinehart appeal from the order of the bankruptcy court[1] which extended the debtor's plan exclusivity periods through May 1, 2003 and

_____

[1] The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

October 1, 2003. Because we believe the bankruptcy court did not abuse its discretion, we affirm.

## BACKGROUND

Appellee, Hoffinger Industries, Inc., is a manufacturer of above ground swimming pools, vinyl liners, filters and pool accessories. The debtor's principal manufacturing facility is located in West Helena, Arkansas. Hoffinger filed a voluntary petition seeking relief under Chapter 11 on September 13, 2001. Hoffinger filed its petition after entry of a judgment against it on August 23, 2001 in the Superior Court of the State of California in favor of Leesa Bunch in the amount of $12,526,890.70 plus costs.

On December 7, 2001, Hoffinger filed its first Motion for Extension of Debtor's Exclusivity Periods to File a Plan of Reorganization and to Obtain Acceptances Thereof, requesting a 90 day extension of the 120 day and 180 day exclusivity periods. The motion was granted on March 6, 2002. On April 18, 2002, Hoffinger filed its Motion for Second Extension of Debtor's Exclusivity Periods to File Plan of Reorganization and to Obtain Acceptances Thereof requesting an additional 120 day extension of the exclusivity periods. The second motion was granted on May 29, 2002.

On August 8, 2002, Hoffinger filed its Motion for Third Extension of Debtor's Exclusivity Periods to File Plan of Reorganization and to Obtain Acceptances Thereof. In its motion, Hoffinger set forth a number of matters that would need to be resolved prior to formulation of a plan of reorganization including completion of the Unsecured Creditor Committee investigation of various transactions between Hoffinger and related parties. Furthermore, because of the substantial size and complexity of its bankruptcy, its appeal of the Bunch judgment and issues related to developing a plan of reorganization, Hoffinger requested that the debtor's exclusivity periods to file its plan of reorganization and to obtain acceptances be extended until

2

60 and 120 days after final adjudication or resolution of the Bunch Judgment, or alternatively, that each period be extended for an additional 120 days or other period of time as the bankruptcy court might deem cause to exist.

Bunch and Rinehart filed objections to Hoffinger's third Motion for Extension. The Unsecured Creditors Committee and the U.S. Trustee also objected to an unlimited extension of the exclusivity periods. After an evidentiary hearing on the motion the bankruptcy court extended the plan exclusivity period until May 1, 2003 and the confirmation period until October 1, 2003[2]. Bunch and Rinehart filed a timely appeal.

## JURISDICTION

The order appealed from is interlocutory. However, Congress has made orders increasing or reducing plan exclusivity periods appealable as of right to either the district court, 28 U.S.C. § 158 (a)(2), or the bankruptcy appellate panel, 28 U.S.C. § 158 (c)(1).

## STANDARD OF REVIEW

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000); *Wendover Fin. Servs. v. Hervey (In re Hervey)*, 252 B.R. 763, 765 (B.A.P. 8th Cir. 2000). We review the bankruptcy court's decision to extend the debtor's exclusivity periods for abuse of discretion. An abuse of discretion may only be found if the lower court's judgment was based upon clearly erroneous factual findings or erroneous legal conclusions. *Mathenia v. Deleo*, 99 F.3d 1476, 1480 (8th Cir. 1996), *cert. denied*, 521 U.S. 1123, 117 S.Ct. 2518, 138 L.Ed.2d 1020 (1997).

---

[2] Technically, the second, longer period provided in the statute is to solicit acceptances, not to obtain confirmation of a plan. Neither appellant makes an issue of the distinction.

"Under an abuse of discretion standard, this court cannot reverse the bankruptcy court's ruling unless it 'has a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors.'" *Nelson v. Siouxland Fed. Credit Union (In re Nelson)*, 223 B.R. 349, 352 (B.A.P. 8th Cir. 1998) (quoting *Beguelin v. Volcano Vision, Inc. (In re Beguelin)*, 220 B.R. 94, 97 (B.A.P. 9th Cir. 1998)).

## THE MERITS

11 U.S.C. § 1121 establishes the time lines for filing plans of reorganization. Section 1121(a) permits the debtor to file a plan of reorganization at any time. However, § 1121(b) gives the debtor in possession[3] the exclusive right to file a plan during the 120 day period after the date of the order of relief under Chapter 11. If the debtor in possession files a plan during this 120 day period, § 1121(c)(3) grants the debtor in possession 180 days from the date of the order of relief to solicit acceptances of the plan.

While the exclusivity periods in § 1121(b) and (c) may be sufficient for most debtors to file a plan, there are some situations where longer exclusivity periods are appropriate. Section 1121(d) states:

> On request of a party in interest made within the respective
> periods specified in subsections (b) and (c) of this section
> and after notice and a hearing, the court may for cause
> reduce or increase the 120 day period or the 180 day period
> referred to in this section.

---

[3] The appointment of a trustee terminates the exclusivity periods. 11 U.S.C. § 1121(c)(1).

4

The factors that must be established to constitute "cause" to reduce or increase the exclusivity periods are not described within § 1121(d), yet the legislative history of this section reveals what may establish cause.

First, the legislative history reveals the intent to facilitate the rehabilitation of debtors in Chapter 11, and therefore the party requesting an extension of the exclusivity period has the burden of establishing good cause. *See, e.g., Matter of Newark Airport/Hotel, Ltd.*, 156 B.R. 444, 451 (Bankr.D.N.J. 1993); *In re Texaco, Inc.,* 76 B.R. 322, 326 (Bankr.S.D.N.Y. 1987); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 434 (Bankr.E.D.Pa. 1986); *In re Tony Downs Foods Co.*, 34 B.R. 405 (Bankr.D.Minn. 1983). The legislative history also reveals that Congress intended that the granting of an extension would be based "on a showing of some promise of probable success [for reorganization]." *Matter of Newark Airport/Hotel, Ltd.*, 156 B.R. at 451 (quoting 11 U.S.C.A. 1121(d) (Historical and Revision Notes, S.Rept. No. 95-989)). Furthermore, "[a]n extension should not be employed as a tactical measure to put pressure on parties in interest to yield to a plan they consider unsatisfactory." *Id*.

In deciding whether or not to extend or shorten the exclusivity periods, courts have relied on such factors as: (1) the large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure, *In re Texaco, Inc.*, 76 B.R. at 326; *Gaines v. Perkins, (In re Perkins)*, 71 B.R. 294, 298 (W.D.Tenn. 1987); *In re Pine Trust, Inc.*, 67 B.R. at 435; *In re United Press International, Inc.*, 60 B.R.. 265, 270 (Bankr.D.C.1986); (2) the need of the creditors' committee to negotiate with the debtor and the ability to prepare adequate information, *In re McLean Industries, Inc.*, 87 B.R. 830, 834 (Bankr.S.D.N.Y. 1987); (3) the existence of good faith progress towards reorganization, *In re Pine Trust, Inc.*, 67 B.R. at 435; (4) the existence of an unresolved contingency, *In re Swatara Coal Co.*, 49 B.R. 898, 899-900 (Bankr.Pa. 1985); (5) the fact that the debtor is paying bills as they become due, *In re Trainer's*

*Inc.*, 17 B.R. 246, 247 (Bankr.E.D.Pa. 1982); (6) the length of previous extensions of exclusivity, *In re McLean Industries, Inc.* 87 B.R. at 834 (citing *Teacher's Insurance and Annuity Asso. of America v. Lake in the Woods (In re Lake in the Woods)*, 10 B.R. 338, 345 (E.D.Mich. 1981) (noting that an exclusivity period extended to one and one-half years with stated intent to continue the extension indefinitely is not within the ambit of "cause"); *In re Ravenna Industries, Inc.*, 20 B.R. 886, 890 (Bankr.Ohio 1982) (stating that the debtor had been granted eight extensions bringing the total exclusivity period to 435 days and such a period of exclusivity was not envisioned by Congress); (7) breakdowns in plan negotiations, such that the continuation of the debtor's exclusivity period would result in the debtor having an unfair bargaining position over creditors, *Matter of Lake in the Woods*, 10 B.R. at 344; (8) the debtor's failure to resolve fundamental reorganization matters essential to its survival, *In re Sharon Steel Corp.*, 78 B.R. 762, 766 (Bankr.W.D.Pa. 1987); (9) the gross mismanagement of the debtor, *In re Crescent Beach Inn, Inc.*, 22 B.R. 155, 160 (Bankr.D.Me. 1982).

As always, we emphasize that these are only factors, not all of which are relevant in every case. Nor is it simply a question of adding up the number of factors which weigh for and against an extension. It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each. As long as the bankruptcy court does not abuse its discretion, its decision will be affirmed.

In this case, evidence in the record reveals that the debtor met its burden of establishing good cause, and that the bankruptcy court did not abuse its discretion in granting extensions under § 1121(d). Hoffinger's president, Wayne Hollowell, Jr., testified that early reports regarding the fiscal year ending July 31, 2003 were encouraging, and that the company's sales were at an all time high from 1999. Moreover, Hollowell testified that the debtor, in an effort to further the reorganization process, has hired expert appraisers approved by the court to appraise equipment as

6

well as real estate, has hired insurance experts to study the adequacy of their products liability insurance which is an ongoing process. He also testified that Hoffinger is paying its post petition expenses as they become due and adequate cash and lines of credit are in place to pay administrative claims in the future. Thus, it was not clearly erroneous for the bankruptcy court to conclude that reorganization is feasible for Hoffinger.

Finally, based on testimony from Hollowell, the court reasonably concluded that this is a complex case. The debtor has annual gross sales of approximately $36 million dollars, it has unresolved issues regarding completion of the Unsecured Creditor's Committee investigation of various transactions between the debtor and related parties, it is in the process of securing financing, finishing audits and appraisals. The Bunch appeal was but one of the issues the court considered as being a contributing factor to the complexity of the debtor's case. Thus it was not an abuse of the court's discretion to give the debtor an extension of its exclusivity period.

The appellants also complain that the length of the period granted to the debtor to obtain confirmation of its plan for five months, from May 1 to October 2, 2003, is too long. Rule 2002(a) requires twenty five days notice of the time fixed for filing objections and the hearing to consider approval of the disclosure statement and confirmation of the plan. If the objection deadline is five days before the hearing, then notice would have to be mailed at least thirty days before the hearing. Allowing a week from the filing of the disclosure statement to prepare notices and copies and mail them, thirty seven days would elapse from filing a plan and disclosure statement until a hearing on the adequacy of the disclosure statement.

The time periods from the time a disclosure statement is approved and a hearing on confirmation of the plan are similar. Thus, under ideal conditions, it would take seventy four days to get from plan filing to confirmation. We think the bankruptcy court's allowance of another eighty days to allow for contingencies like

attorneys' and clients' schedules, the clerk's workload, and the court's calendar, not to mention time for the parties to negotiate and the court to make its decisions, is not an abuse of discretion.

## CONCLUSION

Since the bankruptcy court did not abuse its discretion, its order extending the debtor's exclusivity periods is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE
PANEL, EIGHTH CIRCUIT.