**In re PARKER STREET FLORIST & GARDEN CENTER, INC., Debtor.**

**Bankruptcy No. 4–82–00833–G.**

United States Bankruptcy Court, D. Massachusetts.

May 20, 1983.

Philip J. Hendel, Hendel, Collins & Stocks, Springfield, Mass., for debtor.

Irving Labovitz, Cooley, Shrair, Alpert, Labovitz & Dambrov, P.C., Springfield, Mass., for Third Nat. Bank.

PAUL W. GLENNON, Bankruptcy Judge.

ORDER ON DEBTOR'S MOTION TO EXTEND TIME FOR DEBTOR'S EXCLUSIVE RIGHT TO FILE A PLAN

The debtor's Chapter 11 petition was filed on October 26, 1982 and an order for relief entered. Under 11 U.S.C. § 1121(b), "only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter." On March 2, 1983, the debtor filed an application (which will be treated as a motion) to extend the 120 days referred to in § 1121(b). 11 U.S.C. § 1121(d) specifically provides that the court may increase (or reduce, if appropriate) this 120-day period *for cause.* It should be noted, that the motion was filed beyond the 120-day period and, as such, must be treated as a motion for a nunc pro tunc order. However, initially, the same standard applies; the Court must first determine if the motion, timely filed, could be granted. *See In Re Ravenna Indus., Inc.,* 20 B.R. 886, 9 B.C.D. 121 (Bkrtcy.N.D.Ohio 1982).[1]

The Office of the United States Trustee objected to the granting of the motion and as grounds therefore stated that the relief requested is of an extraordinary vs. ordi-

1. *See also* Bankruptcy Rule 906(b)(1).

nary nature; the Court should not routinely grant an extension.[2] I agree. The language of § 1121(d) speaks to the necessity of a finding of "cause". Where cause is proven, the relief may be granted. Absent a finding of cause, a debtor should not be permitted to continue to put off creditors having plans of their own. *See In re Ravenna Indus., Inc., supra; In re Trainer's, Inc.,* 17 B.R. 246 (Bkrtcy.E.D.Pa.1982); and *In re Lake in The Woods,* 10 B.R. 338, 7 B.C.D. 588 (E.D.Mich.1981). "[T]he mere recitations of allegations deemed by a debtor to constitute cause . . . is insufficient to allow such an extension . . . . 11 U.S.C. Section 1121(d) requires that an affirmative showing of cause, supported by evidence, be made by the party seeking the extension . . . of time." *In re Ravenna Indus., Inc., supra,* at 889 and 123. The burden is on the party seeking the extension. *See In re Ravenna Indus., Inc., supra* and *In re Lake in the Woods, supra.*

Courts which have considered this question have not favored extensions of the 120-day period. This attitude is supported by the legislative history which indicates that the purpose of the 120-day period was to remedy the bargaining power a bankrupt had under Chapter 11 of the Bankruptcy Act through its continually exclusive right to propose a plan. *See H.R.Rep. No. 595,* 95th Cong., 1st Sess. 131 (1977) and S.Rep. No. 989, 95th Cong., 2d Sess. 118 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787. Section 1121(d)

> recognizes the need for the debtor to remain in control to some degree, or else debtors will avoid the reorganization provisions in the bill until it would be too late for them to be an effective remedy. At the same time, the bill recognizes the legitimate interests of creditors, whose money is in the enterprise as much as is the debtor's, to have a say in the future of the company. The bill gives the debtor an exclusive right to propose a plan for 120 days. In most cases, 120 days will give the debtor adequate time to negoti-

ate a settlement, without unduly delaying creditors. The court is given the power, though, to increase or reduce the 120-day period depending on the circumstances of the case. H.R.Rep. *supra,* at 231–232, U.S.Code Cong. & Admin.News 1978, p. 6191 (footnotes omitted).

Subsection (d) permits the court, for *cause* to increase or reduce the 120-day and 180-day periods specified. Since, the debtor has an exclusive privilege . . . during which others may not file a plan, the granted extension should be based on a showing of some promise of probable success. An extension should not be employed as a tactical device to put pressure on parties in interest to yield to a plan they consider unsatisfactory. S.Rep. *supra.* (emphasis supplied).

The debtor has failed to provide the Court with and affirmative showing of cause. It states only that it wishes to prevent a small creditor from interfering with its reorganization and proposal of a plan. This is not cause within the meaning of § 1121(d) as that section and the legislative history specifically grant creditors the right to file their own plan after the expiration of the 120-day period (or the 180-day period for having the plan accepted, if appropriate). The fact that the debtor no longer has the *exclusive* right to file a plan does not affect its concurrent right to file a plan. Denying such a motion only affords creditors their right to file a plan; there is no negative affect upon the debtor's coexisting right to file its plan.

Furthermore, the debtor stated that it had "no problem with preventing any creditor from filing a plan." It only wished to "prevent ambushing by surprise", i.e., to require that a creditor file his plan through the "formal requirements." Record of May 10, 1983 at 3 and 5. The debtor offered no support for this argument except to state that in a different Chapter 11, a creditor sent his informal plan to all creditors. 11

**2.** The opposition of the Third National Bank of Hampden County for lack of cause was with-drawn in open court.

U.S.C. § 1121(a) requires the plan to be *filed.* The Court does not see how an order extending the debtor's exclusive right to file a plan will insure procedural requirements are satisfied.

The debtor further states that it cannot propose a feasible plan until a related adversary proceeding, presently under consideration by this Court, is decided. That adversary is one brought by the debtor against its insurance carrier alleging nonpayment of insurance proceeds where the debtor has allegedly performed all conditions precedent to the payment, and further alleging unfair and deceptive trade practices on the part of the insurance carrier under M.G.L. ch. 93A and M.G.L. ch. 176D. What is now awaiting the decision of the Court is resolution of the motion to dismiss for lack of subject matter jurisdiction. Even where an adversary proceeding is under advisement, the debtor may propose its plan taking into consideration the possible results of that action. But, most importantly, if a decision on the adversary proceeding is crucial to the formulation of a plan, the debtor's fears of creditor interference may be laid to rest, so to speak, as likewise a creditor would be unable to propose a plan.[3]

Accordingly, the debtor's motion to extend time during which debtor has the exclusive right to file a plan of reorganization is DENIED.

---

**3.** In any event, the debtor stated in open court that it feels the insurance company would be willing to negotiate a settlement of the underlying action. Any delay in arriving at a settlement is the making of the debtor and the insurance company. Similarly any speed would be attributable to them.