**In re TONY DOWNS FOODS CO., Debtor.**

**Bankruptcy No. 3–83–1083.**

United States Bankruptcy Court, D. Minnesota.

June 21, 1983.

Ellen Guerin, Fredrikson, Byron, Colborn, Bisbee & Hanson, Minneapolis, Minn., for petitioner.

James Reuter, Columbia Heights, Minn., for unsecured creditors committee.

Robert C. Neill, Minneapolis, Minn., for U.S. trustee.

ROBERT J. KRESSEL, Bankruptcy Judge.

This matter came on for hearing on the motion of the debtor to extend the exclusive time to file a plan and obtain acceptances thereof. Ellen Guerin appeared on behalf of the debtor; James Reuter appeared on behalf of the Committee of Unsecured Creditors and Robert C. Neill appeared on behalf of the United States Trustee. The Creditors' Committee and the United States Trustee both objected to the debtor's motion and M & I Marshall & Ilsley Bank also wrote the court objecting to the debtor's motion.

The sole issue is whether or not I should extend the 120-day period of exclusivity within which only the debtor may file a Plan of Reorganization. The relevant section of the Bankruptcy Code is § 1121 which provides as follows:

§ 1121. Who may file a plan

(a) The debtor may file a plan with a petition commencing a voluntary case, or at any time in a voluntary case or an involuntary case.

(b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

(c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—

(1) a trustee has been appointed under this chapter;

(2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class the claims or interests of which are impaired under the plan.

(d) On request of a party in interest and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

Clearly, under subsection (d) the decision whether or not to extend or shorten the debtors' period of exclusivity rests within the discretion of the Court. Either an extension or reduction of this period must be "for cause". Unfortunately, nowhere in the Code is the term "cause" fully defined.

The final House version of § 1121 was reported out of the House in H.R. 8200 in September 1977, accompanied by a Report of the House, H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The final Senate version of § 1121 was reported out of the Senate as part of S. 2266 in August 1978, together with accompanying Reports of the Senate Judiciary and Finance Committees, S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978), and S.Rep. No. 95–1106, 95th Cong., 2d Sess. (1978), respectively. The House version of § 1121 and the Senate version of § 1121 were identical at the time they were finally reported out of the respective legislative bodies, and although these two bills were in fact referred to a Conference Committee, the Conference Committee did not make any changes to § 1121 as reported out of the House and Senate. Indeed, the language of § 1121 as finally enacted is identical to both the House and Senate versions of that section.

Both the House and Senate versions of the bills as reported out of committee were accompanied by reports which contained section by section analyses of the respective bills. In addition, the House Report contained a larger statement nearly 300 pages long which was not categorized on a section-by-section basis and which generally states broader overall philosophy underlying the House version of the bill.

The section-by-section analysis of the House Report and the Senate Report contain the following identical language:

Subsection (a) permits the debtor to file a reorganization plan with a petition commencing a voluntary case or at any time during a voluntary or involuntary case. Subsection (b) gives the debtor the exclusive right to file a plan during the first 120 days of the case. There are exceptions, however, enumerated in subsections (c) and (d). If a trustee has been appointed, if the debtor does not meet the 120-day deadline, or if the debtor does meet that deadline but fails to obtain the required consents within 180 days after filing of the petition, then any party in interest may propose a plan. This includes the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, and an indenture trustee. The list is not exhaustive. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 406 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 118 (1978), U.S.Code Cong. & Admin. News 1978, p. 6362.

The House Report goes on to say:

Finally, subsection (d) permits the court, for cause, to increase or reduce the 120-day and 180-day periods specified. Cause might include an unusually large or unusually small case, delay by the debtor, or recalcitrance among creditors.

In addition, the Senate Report contained the following language relating to § 1121(d):

Subsection (d) permits the court, for cause, to increase or reduce the 120-day and 180-day periods specified. Since, the debtor has an exclusive privilege for six months during which others may not file a plan, the granted extension should be based on a showing of some promise of probable success. An extension should not be employed as a tactical device to put pressure on parties in interest to yield to a plan they consider unsatisfactory.

U.S.Code Cong. & Admin.News 1978, p. 5904.

The broader policy statement contained in the House Report accompanying H.R. 8200, H.Rep. No. 95–595, page 231, U.S. Code Cong. & Admin.News 1978, p. 6191, is as follows:

Chapters X and XI of current law permit different entities to propose plans of reorganization. Under Chapter X, because an independent trustee has been appointed, the debtor has lost control of the business, and the financial standard rules restrict the possibilities for negotiation in the formulation of a plan, any party in interest, including the trustee, creditors, and the debtor, may propose a plan. This feature has been heavily disfavored by debtors when choosing a reorganization chapter, because they lose control over the future of the enterprise.

By contract, Chapter XI gives the debtor the exclusive right to propose a plan. Creditors are excluded. The exclusive right gives the debtor undue bargaining leverage, because by delay he can force a settlement out of otherwise unwilling creditors, and they have little recourse except to move for conversion of the case to Chapter X. That is contrary to their interests as it is to the debtor's, and thus is rarely done. The debtor is in full control, often to the unfair disadvantage of creditors.

Proposed Chapter 11 recognizes the need for the debtor to remain in control to some degree, or else debtors will avoid the reorganization provisions in the bill until it would be too late for them to be an effective remedy. At the same time, the bill recognizes the legitimate interests of creditors, whose money is in the enterprise as much as the debtor's, to have a say in the future of the company. The bill gives the debtor an exclusive right to propose a plan for 120 days. In most cases, 120 days will give the debtor adequate time to negotiate a settlement, without unduly delaying creditors. The court is given the power, though, to increase or reduce the 120-day period depending on the circumstances of the case.

For example, if an unusually large company were to seek reorganization under Chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement. If, on the other hand, a debtor delayed in arriving at an agreement, the court could shorten the period and permit creditors to formulate and propose a reorganization plan. Again, the bill allows the flexibility for individual cases that is unavailable today. (Footnotes omitted).

■ It is clear that both the House and the Senate intended to vest in the Bankruptcy Court, discretion as to whether or not to grant an extension of exclusivity or a reduction of exclusivity and that such a decision should be for cause shown based upon all the facts and circumstances of the particular case. The burden of establishing cause for enlargement of the period of exclusivity within which to file a plan of reorganization rests upon the moving party. *Teachers Insurance and Annuity Association of America v. Lake in the Woods,* 10 B.R. 338 (E.D.Mich.1981). In *Lake in the Woods* the Bankruptcy Court granted the debtor a seventh extension pursuant to § 1121, and the District Court, on appeal, reversed and in doing so held that the Bankruptcy Court abused its discretion in refusing to consider the legislative history of the statute to aid in interpreting and applying new legislation regarding the meaning of "cause". In the *Lake in the Woods* opinion, at p. 342, the Court states:

The Bankruptcy Court's conclusion of law here improperly contradict a major legislative goal of Chapter 11 as revealed by the statutory language itself and as that goal is illuminated by the legislative history.

■ Congress has attempted through various provisions of the Bankruptcy Code to balance the rights and obligations of a Chapter 11 debtor in possession and its creditors, thus creating a tension among interested parties which will hopefully lead to appropriate administration of and a successful conclusion to the Chapter 11 case. Section 1121 is one of the important sec-

tions intended by Congress to create such tension. The debtor is given a 120-day breathing spell in which it exclusively can file a plan. However, at the expiration of the 120 days, any party in interest can file a plan. I think that Congress attempted to strike a careful balance in this section which was intended to put a certain amount of pressure on the debtor. While Congress has given the Bankruptcy Court the authority to extend or shorten the time, I see nothing special in this case to alter the Congressional policy nor any cause to increase the time as requested by the debtor. The debtor argued at the hearing that it needed more time in order to develop its plan. Section 1121 does not create a deadline for filing a plan; the debtor is free to take as much time to develop and file its plan as it feels appropriate. The risk is, of course, that while it is developing its plan, another party in interest will file a plan. However, that is as Congress intended.

THEREFORE, IT IS ORDERED:

The debtor's motion to extend the exclusive time to file and confirm a plan is denied.