**In re CORVUS CORPORATION, Corvus Research Inc., Corvus Communications Company, Corvus Systems Inc., Corvus Microwave Inc., Debtors.**

**Bankruptcy Nos. 90–11176–AB to 90–11180–AB.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Jan. 7, 1991.

Carol L. Hoshall, Tucker, Flyer, Sanger & Lewis, P.C., Washington, D.C., for debtors.

H. Jason Gold, Gold & Stanley, P.C., Alexandria, Va., Creditors Committee.

Michael G. Gallerizzo, Gebhardt & Smith, Baltimore, Md., and William H. Casterline, Jr., Blankingship & Keith, Fairfax, Va., for Crestar Bank.

Frank Bove, Alexandria, Va., U.S. Trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

This matter is before the Court in connection with a Motion for Extension of Exclusive Periods to File a Plan and Solicit Acceptances filed by Corvus Corporation, Corvus Research Inc., Corvus Communications Company, Corvus Systems Inc. and Corvus Microwave Inc. (collectively, the "Debtors"). The issue presented here is whether the Official Committee of Unsecured Creditors (the "Creditors' Committee") may file a plan of reorganization and a disclosure statement immediately following the expiration of the 120 day exclusivity period under 11 U.S.C. § 1121(c)(2) where the Court has granted, pursuant to 11 U.S.C. § 1121(d), an extension of such 120 day period as well as the 180 day exclusivity period under 11 U.S.C. § 1121(c)(3). For the reasons set forth herein, we hold that the Creditors' Committee may not file a plan of reorganization and a disclosure statement until after the expiration of the 180 day exclusivity period,

as extended pursuant to 11 U.S.C. § 1121(d), so long as the Debtors have filed a plan prior to the expiration of the 120 day period, as extended.

The Debtors filed their petitions under Chapter 11 of the United States Bankruptcy Code on May 17, 1990. Pursuant to 11 U.S.C. § 1121(b), the Debtors had the exclusive right to file a plan of reorganization through September 14, 1990 (120 days from the filing of their petitions). The Debtors also had the exclusive right to solicit acceptances to any properly filed plan through November 13, 1990 (180 days from the filing of their petitions). On or about September 13, 1990, the Debtors filed a Motion for Extension of the Exclusive Periods to File a Plan of Reorganization and Solicit Acceptances, to which the Creditors' Committee objected, which motion was heard before this Court on November 20, 1990. During such hearing this Court granted an extension to January 7, 1991 of the 120 day exclusivity period during which the Debtors may file a plan, as well as an extension to March 7, 1991 of the exclusivity period during which the Debtors may solicit acceptances of such plan. See Tr. at 22. At the November 20 hearing, after this Court granted the Debtors' motion to extend both exclusivity periods, the Creditors' Committee requested that a plan it submitted to the Court on October 15, 1990, be deemed filed on January 8, 1991, and asserted that the law either requires this Court to so rule or, in the alternative, gives this Court the discretion to do so. See Tr. at 25 and 26. The Debtors objected to such request and contended that, so long as they file a plan by January 7, 1991, the Creditors' Committee's competing plan may not be deemed filed until March 7, 1991 or such later date as may be prescribed by 11 U.S.C. § 1121(c). See Tr. at 23 and 25.

The provisions of 11 U.S.C. § 1121 relevant to the issue presented here are set forth below:

(b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

(c) Any party in interest ... may file a plan if and only if— ...

(2) the debtor has not filed a plan before 120 days after the date of order for relief under this chapter; or

(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter....

(d) On request of a party in interest and after notice and a hearing, the court may for cause reduce or increase the 120 day period or the 180 day period referred to in this section.

Under 11 U.S.C. § 1121(c), there are two periods relating to a debtor's rights to file and solicit acceptances of a plan of reorganization. The first period is for 120 days during which a debtor is given the exclusive right to *file* a plan. The 120 day period commences on the date the order of relief is entered. 11 U.S.C. § 1121(c)(2). If the debtor files a plan within the 120 day period, the debtor is given a period of 180 days, commencing on the date the order of relief is entered, during which the debtor may *solicit acceptances* of its plan. 11 U.S.C. § 1121(c)(3). No other person may file a plan during such periods. 11 U.S.C. § 1121(b). Pursuant to 11 U.S.C. § 1121(d), the Court may increase either the 120 day filing period or the 180 day acceptance period. This Court exercised such right during the November 20 hearing when the Debtors' 120 day exclusivity period was extended to January 7, 1991, and its 180 exclusivity period was extended to March 7, 1991.

The Creditors' Committee cites authority for the proposition that where a debtor seeks an extension of the 120 exclusivity period but not the 180 day acceptance period, the latter period is not automatically extended. See *In re Barker Estates, Inc.*, 14 B.R. 683 (Bankr.W.D.N.Y.1982); *In re Trainer's, Inc.*, 17 B.R. 246 (Bankr.E.D. Penn.1982). The Creditors' Committee also cites authority for the proposition that where a debtor seeks an extension of the 120 day period and such extension is granted without objection by any party in interest, the extension of the 180 day period is

automatically extended. See *In re Ravenna Industries, Inc.*, 20 B.R. 886 (Bankr.N. D.Ohio 1982). However, each of these cases deals with the situation where a debtor sought an extension of its 120 day exclusivity period *but failed to seek an extension of its 180 day acceptance period.* In the case at bar, the Debtors not only sought but were granted extensions of both the 120 day and the 180 day exclusivity periods. Hence, the holdings in *In re Barker Estates, Inc., In re Trainer's, Inc.* and *In re Ravenna Industries, Inc.* are inapplicable here.

The Creditors' Committee also cites much authority for the proposition that a party in interest, under certain circumstances, has the right to file a plan of reorganization that competes with a plan filed by a debtor. We do not take issue with that broad proposition. But the Bankruptcy Code contemplates that a debtor will, under certain circumstances, have a period during which no other plan may compete with the debtor's plan. Such circumstances exist in the case at bar.

Accordingly, for the reasons stated herein, the Creditors' Committee's request to file a plan of reorganization and disclosure statement on January 8, 1991, is denied so long as the Debtors file their plan by January 7, 1991. An appropriate order will be entered.