In re Robert D. VINCENT, Sequatchie Power Company, Debtors.

Bankruptcy Nos. 279–00105, 279–00106.

United States Bankruptcy Court,
M. D. Tennessee.

Feb. 20, 1980.

See also, 4 B.R. 21.

Richard Dance, Nashville, Tenn., for debtor.

H. Frederick Humbracht, James R. Kelley, Dearborn & Ewing, Nashville, Tenn., for trustee.

Gary D. Patrick, Chattanooga, Tenn., Attorney for Unsecured Creditors' Committee.

James Wm. Lincoln, III, Afif S. Srouji, Steltemeier & Westbrook, Nashville, Tenn., for applicants.

## ORDER

PAUL E. JENNINGS, Bankruptcy Judge.

There is before the court a "Motion to Reconsider Application for Further Time to File Plans of Reorganization" filed by the debtor, and "Application for Further Time to File Plans of Reorganization" filed by parties interested in purchasing 51% of the issued and outstanding stock of Sequatchie Power Company and 51% of the land, oil, gas, coal and mineral leases of Robert D. Vincent.

The debtors filed for relief under Chapter 11 of the Code on October 1, 1979. On October 15, 1979, Irwin A. Deutscher was appointed trustee. On January 28, 1980, there was filed an application for fifteen additional days to file the plan. The court summarily denied the extension and the application for reconsideration was filed.

The matter is controlled by 11 U.S.C. § 1121(b) and (c) which provide as follows:

(b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

(c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—

(1) a trustee has been appointed under this chapter;

(2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class the claims or interests of which are impaired under the plan.

Relevant Legislative History states:

Subsection (b) gives the debtor the exclusive right to file a plan during the first 120 days of the case. There are exceptions, however, enumerated in subsections (c) and (d). If a trustee has been appointed, if the debtor does not meet the 120-day deadline, or if the debtor does meet that deadline but fails to obtain the required consents within 180 days after the filing of the petition, then any party in interest may propose a plan. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 406 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6362.

The plain reading of the section indicates to the court that if a trustee is appointed, the debtor has lost the exclusive right to file a plan. The cited Legislative History supports the conclusion. Accordingly, the court denied the requested extension as it did not appear to the give the debtor any rights.

This construction is also recognized by commentaries on the Code. In Trost, et al., New Federal Bankruptcy Code at 297 (ALI–ABA Resource Materials 1979) it is stated:

> Creditors or other parties in interest, 11 U.S.C. § 1121(c), have two means by which they can reduce the debtor's exclusive period to file a plan. The most direct route is to file an application with the court to reduce either the 120 or 180 day exclusive periods. 11 U.S.C. § 1121(d). Grounds for a reduction of the exclusive period are not itemized but the statute's command that it be for "cause" almost surely includes a measurement of the degree of creditor resistance to any proposed plan as well as any unreasonable delay in proposing a plan. A second and more acute method of obtaining a reduction of the debtor's exclusive plan period is to have a trustee appointed, for *immediately upon appointment of a trustee the debtor's exclusive period to file a plan expires*, and from that time forward the debtor or any other party in interest may file a plan. 11 U.S.C. § 1121(c)(1). (emphasis added).

Further, in 5 Collier on Bankruptcy ¶ 1121.-03 (15th Ed. 1979) it is stated:

> The debtor's exclusive right to file a plan is conditioned upon the debtor's status. Once a trustee is appointed, the exclusive franchise terminates.

Professor Larry King observes:

> The appointment of a trustee has a consequence that goes beyond the operation of the business and the formulation of a plan. It automatically deprives the debtor of the exclusive right to file a plan, thereby permitting any party in interest, including a creditor or a committee to file a plan at any time. This, then, may in and of itself be one of the factors, perhaps a controlling factor, is (sic) seeking and ordering the appointment of a trustee. The need for the proposal of a plan by a person other than the debtor may itself constitute justification for the appointment of a trustee under section 1104(a)(2). King, *Chapter 11 of the 1978 Bankruptcy Code*, 53 Am.Bankr.L.J. 107, at 115–116 (1979).

*See also* Klein, *The Bankruptcy Reform Act of 1978*, 53 Am.Bankr.L.J. 1 (1979).

Accordingly, the court finds the initial denial of the extension was proper. The debtor has no exclusive right to file the plan. An extension of the 120 day period therefore grants the debtor nothing.

The motion to reconsider is DENIED. The application of the parties interested in purchasing is also DENIED for the same reason. The court need not consider whether potential purchasers are "parties in interest" as the term is used in 11 U.S.C. § 1121.

It is so ORDERED.