**In re Paul KUN aka Pal Kun, Debtor.**

**Bankruptcy No. B–81–1506–PHX–RGM.**

United States Bankruptcy Court,
D. Arizona.

Dec. 16, 1981.

J. Lawrence Dunlavey, Phoenix, Ariz., for debtor.

James M. Marlar, Phoenix, Ariz., for Trustee.

Donald L. Gaffney, Phoenix, Ariz., for Western Savings and Loan.

OPINION AND ORDER

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter comes before the court on a hearing of the debtor's application for an order extending time within which debtor may *exclusively* file and obtain acceptance of a plan pursuant to 11 U.S.C. § 1121. The application was submitted subsequent to the appointment of a trustee which occurred on October 23, 1981. The matter was heard in conjunction with an objection by the trustee and an objection of Western Savings and Loan. A pertinent decision handed down on February 20, 1980, by the United States Bankruptcy Court in the Middle District of Tennessee directly meets the issues raised by the parties. In the case of *In re Vincent*, 4 B.R. 23 (Bkrtcy.M.D. Tenn.1980); 6 BCD 675, 2 CBC 2d 186, *CCH Bankruptcy Law Reporter* ¶ 67,632, the bankruptcy court held that when a trustee is appointed as in the instant case, the debtor loses the *exclusive* right to file a Chapter 11 plan under the provisions of Section 1121(b) and (c). This construction is also recognized by commentaries on the code, cited in said decision, including *Trost, et al., New Federal Bankruptcy Code* at 297 (ALI–ABA Resource Materials 1979) where it is stated:

Creditors or other parties in interest, 11 U.S.C. § 1121(c), have two means by which they can reduce the debtor's exclusive period to file a plan. The most direct route is to file an application with the court to reduce either the 120 or 180 day exclusive periods. 11 U.S.C.

§ 1121(d). Grounds for a reduction of the exclusive period are not itemized but the statute's command that it be for "cause" almost surely includes a measurement of the degree of creditor resistance to any proposed plan as well as any unreasonable delay in proposing a plan. A second and more acute method of obtaining a reduction of the debtor's *exclusive* plan period is to have a trustee appointed, *for immediately upon appointment of a trustee the debtor's exclusive period to file a plan expires,* and from that time forward the debtor or any other party in interest may file a plan. 11 U.S.C. § 1121(c)(1). (emphasis added).

See also 5 *Collier on Bankruptcy* ¶ 1121.03 (15th Ed. 1979).

This position is in harmony with the legislative history which states in part:

> Subsection (b) gives the debtor the exclusive right to file a plan during the first 120 days of the case. There are exceptions, however, enumerated in subsection (c). *If a trustee has been appointed,* if the debtor does not meet the 120-day deadline, or if the debtor fails to obtain the required consent within 180 days after the filing of the petition, any party in interest may propose a plan. This includes the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, and an indenture trustee. (Emphasis added.)

Senate Report No. 95–989; 95th Cong., 2d Sess. (1978) 118, U.S.Code Cong. & Admin. News, p. 5787.

The rationale behind the limitation on the debtor's *exclusive* right to file a plan is explained in the following legislative history contrasting the debtor's exclusive right to file a plan under the old Bankruptcy Act:

> [C]hapter XI gives the debtor the exclusive right to propose a plan. Creditors are excluded. The exclusive right, gives the debtor undue bargaining leverage, because by delay he can force a settlement out of otherwise unwilling creditors, and they have little recourse except to move for conversion of the case to

Chapter X. That is contrary to their interests as it is to the debtor's thus is rarely done. The debtor is in full control, often to the unfair disadvantage of creditors.

H.R.Rep.No.595, 95th Cong., 1st Sess. 231 (1977). Section 1121 was drafted to correct this imbalance:

> The granting of authority to creditors to propose plans of reorganization and rehabilitation serves to eliminate the potential harm and disadvantages to creditors and democratizes the reorganization process.

Bankruptcy Act Revision, Serial No. 27, Part 3, Hearings on H.R. 31 and H.R. 32 before the Subcomm. on Civil and Constitutional Rights of the Comm. on the Judiciary, 94th Cong., 2nd Sess. (March 29, 1976). See also *In re Barker Estates, Inc.,* 14 B.R. 683, 8 BCD 165 (Bkrtcy.W.D.N.Y.1981), and *Teachers Insurance and Annuity Association of America v. Lake in the Woods,* 10 B.R. 338 (Dist.Ct.E.D.Michigan 1981); 7 BCD 588, 4 CBC 2d 828.

As a result of the above authorities,

IT IS ORDERED that the exclusive plan period has expired and that any party in interest, including the debtor, the trustee, a creditor, a creditors' committee, an equity security holders' committee, an equity security holder, or any indenture trustee may file a plan as provided for under Section 1121(c) of the Bankruptcy Code.

Pursuant to FRCP 52, as adopted in Rule 752 of the Rules of Bankruptcy Procedure, this opinion and order shall constitute findings of fact and conclusions of law herein.