### In the Matter of INTERCO INCORPORATED, et al., Debtors.

### Bankruptcy No. 91–40442–172. Motion No. Z–83.

United States Bankruptcy Court, E.D. Missouri, E.D.

Feb. 20, 1992.

Bryan, Cave, McPheeters & McRoberts, Gregory D. Willard, Lloyd A. Palans, John C. Boyle, Carl J. Spector, St. Louis, Mo., for debtors-in-possession.

David A. Warfield, Husch & Eppenberger, St. Louis, Mo., Mark D. Brodsky, Kramer Levin, Nessen, Kamin & Frankel, New York City, for Official Committee of Unsecured Debenture Holders.

Pepper, Hamilton & Scheetz, Stuart E. Hertzberg, I. William Cohen, Joel D. Applebaum, Detroit, Mich., Newman, Goldfarb, Freyman & Stevens, Milton P. Goldfarb, Louis Virdure, St. Louis, Mo., for Official General Unsecured Creditors' Committee.

Armstrong, Teasdale, Schlafly, Davis & Dicus, Steven N. Cousins, St. Louis, Mo., for Medium Term Noteholders.

Milgrim, Thomajan & Lee P.C., Peter D. Wolfson, Carole Neville, New York City, for Trendex Capital Management Corp.

### ORDER

JAMES J. BARTA, Bankruptcy Judge.

On January 31, 1992, the Official Committee of Unsecured Debenture Holders filed a motion to modify the Debtors' exclusive period to file a plan under Section 1121(d) of the Bankruptcy Code. The Debtors subsequently filed an objection to the Committee's motion. A hearing on notice to all parties listed on the Master Service List was conducted on February 19, 1992. After consideration of the record as a whole, the Court announced its findings and conclusions and orders from the bench.

This is a core proceeding pursuant to Sections 157(b)(2)(A) and (L) of Title 28 of the United States Code in that it deals with the plan confirmation process. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

These voluntary reorganization cases were commenced on January 24, 1991. One year later, on January 24, 1992, the Debtors filed a Joint Plan of Reorganization and a Joint Disclosure Statement. The hearing to consider approval of the Disclosure Statement is scheduled for March 19, 1992.

The parties who announced their support of the Committee's motion included: Trendex Capital Management Corporation, a creditor holding Subordinated Discount Debentures and 14½% Junior Pay in Kind Subordinated Debentures; and Boatmen's National Bank, the Trustee for certain Medium Term Noteholders. In addition to the Debtors, the parties who announced their opposition to the Committee's motion included the Apollo Investment Fund, L.P. and Altus Finance, (Post Petition Transferees of a portion of the Bank of New York's secured claim); the Bank Lenders group; and the Official General Unsecured Creditors' Committee.

The Court has noted on the record that these parties and their counsel have presented cogent and convincing arguments in support of their respective positions. Each party's position has been supported by acceptable and respected legal authorities. It is the responsibility of the Bankruptcy Court to apply this body of law to the particular circumstances in these cases.

This is not a confirmation hearing.

This Order is not intended to be critical of or to be in support of the Debtors' proposed plan of reorganization.

On September 19, 1991, the Court entered an order that granted the Debtors' motion to extend the exclusive period during which the Debtors may gain acceptance of the impaired classes to March 25, 1992, pursuant to Sections 1121(c)(3) and 1121(d) of Title 11 of the United States Code.

Rule 3016(a) of the Federal Rules of Bankruptcy Procedure states as follows:

**Time for Filing Plan.** A party in interest, other than the debtor, who is authorized to file a plan under § 1121(c) of the Code, may not file a plan after entry of an order approving a disclosure statement unless confirmation of the plan relating to the disclosure statement has been denied or the court otherwise directs.

In the circumstances presented here, the Court enters the following findings and conclusions and orders.

■ A party requesting an immediate termination of the exclusive period as originally authorized by statute or as it may have been extended by the Court, bears a heavy burden. *See In re Texaco, Inc.*, 81 B.R. 806, 812 (Bankr.S.D.N.Y.1988).

■ There is little question but that these are large and complex bankruptcy cases. The total number of creditors is in excess of 66,000; the amount of debt is in excess of $4.0 billion.

The Court finds and concludes from the record that the Debtors are making good faith progress toward reorganization, and that they are acting in good faith as these cases progress toward reorganization. *See In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr.S.D.N.Y.1987).

The record has not established that the Debtors are using what remains of the extended exclusive period of Section 1121 to pressure creditors into acceding to a plan that is not confirmable. *Id.* at 834. *See also In re Texaco,* 81 B.R. at 812.

During the pendency of these cases, the parties have reported that the Debtors have generally been paying their post-petition debts as they become due. *McLean,* 87 B.R. at 834.

In a Chapter 11 case, a consensual plan of reorganization is certainly to be encouraged. Frequently however, a consensual plan cannot be obtained prior to submission of the plan to creditors.

This hearing is not a hearing on confirmation of a plan.

The record here has not shown that the Debtors' plan is not confirmable.

Not all of the terms of this proposed plan, as the plan is now structured, are acceptable to all parties.

█ If, as has been suggested here, conflicts of interest are shown to exist with respect to certain insiders of the Debtors, and if these conflicts are determined to be adverse to the interests of these estates, a plan of reorganization should not, and will not be confirmed.

At this time, prior to the approval of any disclosure statement, there is no assurance that the Debtors' plan can be confirmed. Similarly, there is no assurance that any plan on behalf of the Unsecured Debenture Holders' Committee or any other committee can be confirmed.

The Movants in this matter have suggested that consideration of only the Debtors' proposed plan will require extensive and complex trials and other proceedings. The Court finds however that if the Committee's motion is granted, there is no assurance that the submission of competing plans to creditors will remove the need for hearings, trials and further litigation in the bankruptcy court.

This is not a confirmation hearing.

In the Bankruptcy Code, Congress has established a scheme for the orderly submission, consideration and confirmation of a plan of reorganization. The Bankruptcy Rules have structured a procedure to implement this scheme that is both efficient and fair. In applying the scheme and the procedure to particular creditor/debtor relationships, a Court must emphasize the concept of fairness. Neither the Congressional scheme nor the Rules' procedure forbids consideration of competing plans in a Chapter 11 case. In appropriate circumstances, simultaneous consideration of competing plans may be an efficient procedure. These circumstances have not been shown to exist here, and the concept of fairness requires that the Debtors be permitted to submit their proposed plan according to the scheme and timetable provided for in the Code. The interests of this Movant and all parties are provided for and protected by the scheme and procedure that anticipates submission of a single plan at this time. Therefore,

IT IS ORDERED that this hearing is concluded; and that the Motion of the Official Committee of Unsecured Debenture Holders to modify and terminate the Debtors' exclusive period under 11 U.S.C. § 1121(d) is DENIED.

The Court has determined further that the value of a successful reorganization of these Debtors will be greatly enhanced by early compromise and concession by all parties. Therefore,

IT IS FURTHER ORDERED that the Debtors are directed to continue in good faith to consider the arguments and objections presented in this proceeding.